CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 17 2010

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAROLD LEE, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:10CV00247 |
| | ) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| GENE JOHNSON, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Harold Lee, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Lee asserts that the defendant officials of the Virginia Department of Corrections (VDOC) are depriving him of the right to free exercise of his House of Yahweh religious beliefs, in violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc to 2000cc-5. Upon review of the record, the court finds that several of the claims raised in the complaint must be summarily dismissed.

## I. Background

Lee's submissions allege the following sequence of events on which his claims are based. On October 6, 2008, while Lee was incarcerated at Powhatan Receiving Correctional Center, he was converted to the House of Yahweh, a religious organization whose adherents believe that keeping of the Torah is essential to one's salvation. In keeping with the laws of the Torah, adherents believe they "must congregate with other members and perform ritual [ablution, also known as baptism], keep annual festivals of the Old Testament, including the assembling of members, once a year on the evening before Passover, to hold a solemn observance of Yashua's Memorial." When Lee

arrived at Pocahontas State Correctional Center (PSCC) on January 6, 2009, he contacted the chaplain to ask about the possibility of services being held at PSCC for members of the House of Yahweh. Lee was informed that PSCC does not hold services for believers of this religion and that a minimum of five inmates was required to institute religious services for a given faith group.

Lee filed grievances about the lack of services in the spring of 2009. After he did not receive any responses to these grievances, in October 2009, he filed an informal complaint, only to learn that his grievance had been processed to the highest available level and denied in August 2009.

In December 2009, Lee learned of two other House of Yahweh inmates, who were also interested in getting group religious services started at PSCC. In January 2010, Lee filed a request form with the chaplain, asking that House of Yahweh inmates be allowed to meet. He alleges that under VDOC policy, the chaplain plans, directs, and coordinates all aspects of religious programs at VDOC prisons, subject to the warden's approval. In response to Lee's request form, the chaplain informed Lee that a minimum of five regular attendees was required and that at least ten inmates had to sign up for a religious meeting before the chaplain would post a sign up sheet in the common area. He further explained to Lee that the chaplain "cannot offer any religion until offenders express enough interest in it on their own" and that Lee was the only inmate who had expressed interest in House of Yahweh. He told Lee that a sign-up sheet for a Catholic service had fifteen sign-ups before it was posted on the bulletin board, seeking additional attendees.

In February 2010, Lee learned of three more inmates interested in having House of Yahweh services at PSCC. When Lee asked the chaplain in May 2010 for material on the House of Yahweh, the chaplain replied that he did not have any such materials to share with Lee.

Upon receiving Lee's initial complaint, the court filed it conditionally and informed him of the need to state specific claims against each defendant and to provide evidence that each defendant was a state employee, subject to suit under § 1983. Lee then submitted a response, which the court construes as a motion to amend, stating that the "crux" of his complaint is that PSCC officials have not provided him the opportunity for group worship with other members of the House of Yahweh.

Liberally construed, Lee's complaint as amended asserts the following claims:

1. Defendants Gene Johnson, VDOC Director, and John Jabe, Deputy Director of Operations, failed to ensure that plaintiff could assemble to worship with other members of the House of Yahweh at PSCC, in violation of the First Amendment and RLUIPA, and failed to respond to plaintiff's grievances on this issue;

2. Defendants Johnson, Jabe, and PSCC Warden Stanley Young failed to train the chaplain and are responsible for his actions, in violation of plaintiff's right to free exercise of his religious beliefs under the First Amendment and RLUIPA;

3. Young and Chaplain Kevin Richardson failed to provide plaintiff with an opportunity to assemble with other inmates known to be of the same religious faith, in violation of plaintiff's right to free exercise of his religious beliefs under the First Amendment and RLUIPA;

4. Richardson placed a memo on a common bulletin board, advertising Catholic religious services, but refused to provide the same accommodation for plaintiff to help him identify other inmates of the same religious belief, in violation of plaintiff's rights under the Equal Protection Clause, and Young failed to correct this unequal treatment;

5. Richardson failed to provide plaintiff with religious materials regarding the House of Yahweh as requested; and

6. Defendants have deprived plaintiff of the ability to practice other aspects of his religious beliefs, including the observation of Yashua's Memorial (similar to the Christian ritual of communion), the practice of ritual ablution (similar to baptism), and the practice of wearing religious garments (similar to "Yarmulkes and Tallits") for worship services and private prayers.

As relief in this action, Lee seeks injunctive relief directing PSCC officials to provide an opportunity for House of Yahweh inmates at the institution to gather for group religious services and to provide them with religious garments. Lee also seeks compensatory and punitive damages.

## II. Discussion

A complaint or any portion of a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After a review of Lee's allegations as amended, the court concludes that the majority of Lee's claims must be dismissed, pursuant to § 1915A(b)(1), because he fails to allege facts stating any plausible claim actionable under § 1983 or RLUIPA.

As stated, Lee brings his claims against the chaplain under the First Amendment and RLUIPA. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). RLUIPA prohibits governments from taking actions that impose a "substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that imposition of that burden furthers "a compelling governmental interest" by "the least restrictive means." § 2000cc-1(a)(1)-(2). "Government" includes any official of "a State . . . or other governmental entity created under the authority of a State" and "any other person acting under color of State law." § 2000cc-5(4)(A). Thus, a key component of both aspects

of Lee's religious claims against the chaplain is whether the defendant, in taking the challenged actions, acted under color of state law.

The Supreme Court has articulated a two-part test for determining whether conduct may be "fairly attributable to the State" so as to qualify as acting under color of state. Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982). First, "[t]he deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Id. Second, "the party charged . . . must be a person who may fairly be said to be a state actor." Id. A person acting under color of state law may be an employee of the state or one acting under the direction of or with the aid of state officials. Id.

The court takes judicial notice of the fact that the Constitution of Virginia prohibits use of General Fund revenues to support religion and for that reason, by long standing practice, chaplains serving the inmates within VDOC prison institutions are not employees of the VDOC. See, e.g., McGlothlin v. Murray, 993 F. Supp. 389, 408 (W.D. Va. 1987). The Chaplain Service Prison Ministry of Virginia, Inc., a private, volunteer organization, operates under a memorandum of understanding with the VDOC to provide chaplaincy services to VDOC correctional institutions.[1] "The Chaplain Service [and not the VDOC] has authority to hire, fire, and control the performance of chaplain duties." Id. VDOC officials, however, maintain control over issues of security related to inmates' religious practices. Id.

Other than his own conclusory allegations that the PSCC chaplain is employed by the VDOC, Lee offers no proof of this alleged relationship, although the court directed him to provide such

---

[1] See also Chaplain Service Prison Ministries of Virginia, accessed on Aug. 24, 2010, http://www.chaplainservice.org/chaplains01.htm

information in support of his claims. Lee's own allegations recognize that any religious program planning that the chaplain does is subject to approval by the warden. Lee also offers no evidence on which he could prove that the chaplain's actions, when performing his function as a volunteer at PSCC, are legally attributable to the state in any respect. Because Lee fails to forecast evidence on which he could prove that Chaplain Richardson at PSCC acted under state law so as to be subject to suit under § 1983 or RLUIPA, the court finds it appropriate to dismiss all claims against the chaplain, pursuant to § 1915A(b)(1), as legally frivolous. See Claims 3, 4, 5 and 6.

Moreover, because Lee fails to demonstrate that the chaplain is a state employee, he also fails to demonstrate any responsibility on the part of state officials to properly train the chaplain or any respect in which state officials could be liable for the actions of this volunteer. See Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (finding that state official cannot be held automatically liable for violations of plaintiff's rights through the actions of subordinate officials). On this ground, the court will also summarily dismiss Claim 2

On the current record, the court will allow the following claims to go forward: Claim 1, Claim 3 against Defendant Young, and Claim 6 against all defendants except Defendant Richardson.[2] By separate order, the court will direct the clerk to attempt service of process on the remaining defendants.

---

[2] The fact that the court has not summarily dismissed these claims at this time shall not be construed as any specific finding regarding the potential merits of plaintiff's claims or his exhaustion of administrative remedies as to each of his claims.

## III. Conclusion

For the stated reasons, the court concludes that Claim 2, Claim 3 against Defendant Richardson, Claim 4, Claim 5, and Claim 6 against Defendant Richardson must be dismissed, pursuant to § 1915A(b)(1), as legally frivolous. The action as to other claims and defendants will go forward. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 17th day of September, 2010.

/s/ Glen Conrad
Chief United States District Judge