CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 13 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAROLD LEE, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:10CV00247 |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| GENE JOHNSON, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Harold Lee, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials have substantially burdened his right to free exercise of his religious beliefs by not allowing him to hold religious services with other inmates of the same faith. The defendants have filed a motion for summary judgment, and Lee has been granted an extension of time in which to complete discovery and respond to defendants motion. He now moves for interlocutory injunctive relief. For lack of cause shown, his motion must be denied.

## Background

Lee alleges the following sequence of events on which his motion is based. While Lee was meeting with two other inmates of his faith in the recreation yard on December 25, 2010, Correctional Officer Roberts ordered all three of the inmates to return to their cells. Lee did not do so, explaining to the officer that the meeting was in keeping with prison policy. Again, Roberts ordered him to return to his cell. Lee asked to speak with a sergeant, who informed him

that he was being charged with a disciplinary infraction for failing to obey a direct order to return to his cell.

When Lee received the written charge, it offered him a penalty of 15 days loss of recreation in exchange for a guilty plea, but he pleaded not guilty. He was notified that the hearing on this charge would be conducted in his pod on December 30, 2010. The notice also indicated that the time for the hearing would be announced, that he was to remain in his pod or cell on that day, dressed and ready to present his ID when the hearing officer (IHO) arrived to conduct the hearing. Instead, on December 30, Lee went to the law library. While he was out of his pod, the IHO came, conducted the hearing in Lee's absence,[1] found him guilty of the charge, and penalized him with 30 days loss of commissary privileges and 30 days loss of recreation, to be served from January 3 to February 1, 2011. Neither penalty prevents an inmate from going to the law library or participating in religious services.

Two inmates in Lee's pod overheard a conversation between the IHO and other officers on December 30, 2010. The IHO stated that she had spoken to Mr. Hammond, a defendant named in Lee's pending lawsuit, that Hammond had advised her about the lawsuit and asked her to be sure Roberts' report did not mention the fact that Lee was in a religious meeting when he disobeyed Roberts' order, and that Hammond told the IHO to penalize Lee with 30 days loss of recreation and "let him write about that." The inmates also said that the IHO and other officers were laughing about the disciplinary charge and the lawsuit.

---

[1] Lee submits a copy of a general notice to inmates, advising them that failure to be ready to report for the hearing when the IHO arrives in the pod constitutes refusal to appear for the hearing.

Lee wrote a request seeking to use the law library every day in the first week of January 2011. After the disciplinary hearing, he received a law library appointment notice, informing him that he was scheduled to use the law library on January 5, 6, and 7, 2011. The first two days of the week, however, were crossed out. Lee interpreted this notice to indicate officials' intention to "play games" with him concerning his need to use the law library to prepare his summary judgment response by the deadline of February 1, 2011. He also complains that the law library consists of four computers and no books and that prison policy allows him, at most, two hours per day to use these resources.

Lee asserts that these events entitle him to interlocutory injunctive relief for several reasons. He complains that Roberts did not explain why he and his fellow believers could not finish their religious service before returning to their cells as she had ordered and that she did not include the religious meeting in her report. He also complains that prison officials knew that he was in the law library at the time the IHO came to his pod and could have called him for the hearing; he claims that their failure to do so impermissibly forces him to choose between his right to access the courts and his right to defend against the disciplinary charge. Finally, he complains that the disciplinary penalty and the denial of two days of access to the law library were retaliatory actions motivated by his pending lawsuit. He moves for a court order directing that: (a) prison personnel be prohibited from retaliating against him for exercising his religious beliefs; (b) prison personnel be prohibited from interfering with Lee's access to the law library and that Mr. Hammond be directed to provide Lee with access to the law library; and (c) he and his two fellow believers "be permitted to conduct Sabbat services each day."

## Discussion

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365 (2008)). Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Id. at 347.

Lee's request for an injunction prohibiting retaliatory actions will be denied, because he fails to show any likelihood that such actions will occur or cause him irreparable harm. His allegations reflect that he received the disciplinary charge and penalties because of his own actions:[2] he disobeyed a direct order to return to his cell and he failed to appear for his disciplinary hearing after being duly notified of his obligation to do so.[3] Lee also fails to demonstrate that crossing off the first two days of the week following a holiday weekend on the library schedule notice had anything to do with his beliefs or the pending lawsuit, or that this notice suggests any likelihood that anyone will retaliate against him in the future for any reason.

---

[2] The alleged conversation between the IHO and Mr. Hammond, even if Lee could prove that it occurred, does not support a finding that the IHO imposed 30 days loss of recreation because of the lawsuit; after all, the penalty offer predating any conversation with Hammond was 15 days loss of recreation. In any event, this disciplinary penalty for an admitted rule infraction does not demonstrate any likelihood that the IHO or Hammond will take other actions in the future to retaliate against Lee because of his lawsuit.

[3] Lee is advised that his right to free exercise of his religious beliefs and his right to access the courts do not entitle him to ignore or receive an exception to standard prison rules, like obeying orders and following hearing procedures. Prisoners' constitutional rights are not unlimited and may lawfully be restricted when the prison's need to maintain security and order so require. See Turner v. Safley, 482 U.S. 78 (1987).

One could much more reasonably infer from the notice that the prison is somewhat short staffed in the days after a holiday weekend due to employees' vacation requests.

Second, Lee's request for an injunction requiring officials to provide him with library access will be denied, because he fails to show any likelihood that he will suffer irreparable harm to his litigation efforts related to the law library access already being provided to him. If he needs additional time to prepare his response because of his inability to research more than two hours per day, then he may move the court for a reasonable extension of time, as he has done on one occasion in the past.

Lee's third request for relief—for a court order directing officials to allow him "to conduct Sabbat services each day"—is not supported in his current motion or in his complaint. He offers no evidence supporting a finding that an inability to conduct daily religious services will cause him irreparable harm. Indeed, his allegations in the motion indicate that since he filed his complaint, prison officials have begun allowing him to meet with other believers for services, and he has offered no reason that the meeting schedule now provided to him is inadequate. Therefore, his request for court-ordered daily religious services will be denied.

Finally, the court will not construe Lee's allegations in his current motion as amending his complaint to bring new claims of retaliation, interference with access to courts, or denial of daily religious services. First, the court finds no viable constitutional claims arising from his current allegations. See Lewis v. Casey, 518 U.S. 343 (1996) (requiring showing of actual injury to litigation efforts as element of claim that prison officials deprived inmate of access to courts); Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 450 (1988) ("[I]ncidental effects of government programs, which may make it more difficult to practice

certain religions but which have no tendency to coerce individuals into acting contrary to their religious beliefs" are insufficient to state a claim under Free Exercise Clause); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (finding that conclusory allegations of retaliation are insufficient to state § 1983 claim). Moreover, Lee offers no indication that he has exhausted his administrative remedies as required before bringing a civil action in this court. See 42 U.S.C. § 1997e(a).

## Conclusion

For the stated reasons, the court concludes that plaintiff's motion for interlocutory injunctive relief must be denied. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 13th day of January, 2011.

*/s/ Chief United States District Judge*

Chief United States District Judge